T.C. Summary Opinion 2004-76

UNITED STATES TAX COURT

LIONEL D. JONES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7827-03S.                    Filed May 27, 2004.

Lionel D. Jones, pro se.

<u>Laura A. McKenna</u>, for respondent.

COUVILLION, <u>Special Trial Judge</u>:  This case was heard
pursuant to section 7463 of the Internal Revenue Code in effect
at the time the petition was filed.[1]  The decision to be entered
is not reviewable by any other court, and this opinion should not
be cited as authority.

_____

[1]     Unless otherwise indicated, subsequent section
references are to the Internal Revenue Code in effect for the
year at issue.  Rule references are to the Tax Court Rules of
Practice and Procedure.

Respondent determined a deficiency of $6,436 in petitioner's Federal income tax for the year 2001. After concessions,[2] the issues for decision are: (1) Whether petitioner is entitled to deduct certain unreimbursed employee expenses; and (2) whether petitioner is entitled to a deduction for charitable contributions under section 170.[3]

Some of the facts were stipulated. Those facts, with the annexed exhibits, are so found and are made part hereof. Petitioner's legal residence at the time the petition was filed was Memphis, Tennessee.

Petitioner was employed in two separate occupations during the year at issue, firefighting and law enforcement. As a firefighter, he was employed by the City of Memphis and worked 24-hour shifts. On his days off from that job, he worked for the police department of the Memphis Housing Authority. Petitioner was required to purchase uniforms for both his firefighting and law enforcement occupations. He received a small uniform

---

[2] Respondent conceded petitioner's entitlement to two dependency exemption deductions and head-of-household filing status. Petitioner conceded an unreported interest income adjustment.

[3] Deductions are a matter of legislative grace, and petitioner bears the burden of proving that he is entitled to the deductions claimed. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). The burden of proof has not shifted to respondent pursuant to sec. 7491 since petitioner has not complied with the requirements of sec. 7491(a)(2)(A) and (B). Higbee v. Commissioner, 116 T.C. 438 (2001).

allowance from the city for this purpose, which approximated the cost of three pairs of firefighter uniform pants and one uniform shirt, but other expenses were out of pocket. Neither the police nor the firefighter uniform was suitable for off-duty use, and in fact such use was prohibited.

Petitioner attended church regularly during the year at issue. Sometimes he would attend his father's church and other times his grandfather's, but he contributed to both churches. He made weekly payments using offering envelopes provided by the churches. He put both cash and checks into these envelopes. Petitioner also made a contribution by cash or check to the Salvation Army during the year at issue.

On his 2001 Federal income tax return, which was self-prepared, petitioner reported $64,561 in wage income. On Schedule A, Itemized Deductions, he claimed a deduction for $6,600 in unreimbursed employee expenses.[4] He also claimed a charitable contributions deduction of $6,045. Respondent disallowed the charitable contributions and miscellaneous employee expenses deductions for lack of substantiation.

With respect to the unreimbursed employee expenses, section 162 allows a deduction for ordinary and necessary expenses that

---

[4] The claimed expenses yielded a deduction of $5,309 after the application of the 2-percent limitation under sec. 67(a).

are paid or incurred during the taxable year in carrying on a trade or business. Sec. 162(a); <u>Deputy v. du Pont</u>, 308 U.S. 488, 495 (1940). A trade or business includes the trade or business of being an employee. <u>O'Malley v. Commissioner</u>, 91 T.C. 352, 363-364 (1988).

In the case of travel expenses and certain other expenses, such as entertainment, gifts, and expenses relating to the use of listed properties, including cellular telephone or other similar telecommunications equipment described in section 280F(d)(4)(A), section 274(d) imposes stringent substantiation requirements to document particularly the nature and amount of such expenses. For such expenses, substantiation of the amounts claimed by adequate records or by other sufficient evidence corroborating the claimed expenses is required. Sec. 274(d); sec. 1.274-5T(a)(4), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). To meet the adequate records requirements of section 274(d), a taxpayer "shall maintain an account book, diary, log, statement of expense, trip sheets, or similar record * * * and documentary evidence * * * which, in combination, are sufficient to establish each element of an expenditure". Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). These substantiation requirements are designed to encourage taxpayers to maintain records, together with documentary evidence substantiating each element of the expense

to be deducted.  Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).

At trial, petitioner did not produce canceled checks or credit card receipts to substantiate the claimed employee business expenses.  Rather, he presented a worksheet entitled Fire Fighter and Law Enforcement Deductions listing expenses totaling $4,838.99, as follows:

| Description of Item | Amount |
| --- | --- |
| Uniforms | $   200.00 |
| Dry cleaning/laundry | 1,820.00 |
| Association dues | 285.00 |
| Professional dues | 375.00 |
| Range dues | 220.00 |
| Ammunition | 104.00 |
| Camera | 49.99 |
| Guns | 650.00 |
| Telephone (2nd line) | 485.00 |
| Telephone (cellular) | 650.00 |
| Total | $4,838.99 |

Petitioner gave explanations for all of the expenses listed on the worksheet.  The dues were paid to the Fraternal Order of Police, a firefighters union, and the Progressive Black Firefighters.  The range dues and ammunition were unreimbursed expenses petitioner incurred at a firing range in connection with his occupation as a police officer.  Petitioner purchased the camera to take pictures of crime scenes and to bolster his police reports.  He also purchased his own weapon for police use, a .40 caliber Sig Sauer P-229 pistol.  The $485 telephone expense was

for a telephone line required in petitioner's home by both the police and fire departments. The $650 cellular expense was for a cellular telephone that he used in both jobs.

The amount of expenses listed on the worksheet totaled $1,761.01 less than the amount petitioner claimed on Schedule A of his income tax return. Petitioner testified that he also incurred unreimbursed job-related expenses for socks and shoes, belts, short pants, bed linen, and food, which accounts for the difference between the $4,838.99 listed on the worksheet and the $6,600 claimed on his return.

With respect to the $485 claimed for the second telephone line in petitioner's home and the $650 claimed for the cellular telephone, petitioner maintained no contemporaneously prepared records to document his employee-related uses of these devices. At the time his return was under audit by respondent, petitioner prepared a worksheet to support the claimed deductions. Such evidence does not suffice to satisfy the substantiation requirements for use of the cellular telephone because a cellular telephone is listed property under section 280F(d)(4)(A)(v). Moreover, with respect to the second telephone line, the Court is not bound to accept petitioner's uncorroborated or self-serving testimony that the amount claimed related to his employee-related use of that line, and that there was no personal use involved. Petitioner, therefore, has failed to sustain his burden on that

item.  Respondent, therefore, is sustained on the claimed second telephone and cellular telephone expenses.  Brodsky v. Commissioner, T.C. Memo. 2001-240.

With respect to the uniforms, dry cleaning and laundry, association and professional dues, firing range expenses, ammunition, camera, and gun expenses, the strict substantiation rules do not apply, and the Court is satisfied that petitioner did incur deductible expenses for these items.  Although petitioner admitted he was "not the world's best record-keeper," he testified credibly with respect to these items and their business purpose.  In the absence of adequate substantiation, this Court may, if convinced by the evidence, estimate the amount of deductible expenses incurred.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  Therefore, under the Court's discretionary authority pursuant to Cohan, the following amounts are allowed as unreimbursed employee business expense deductions on Schedule A:  Uniforms, $200; dry cleaning and laundering of uniforms, $500; association and professional dues, $500; firing range and ammunition costs, $100; firearm and camera, $200, for a total of $1,500.  See McGovern v. Commissioner, 42 T.C. 1148 (1964) (expense for nurse's uniforms allowed under Cohan rule), affd. 17 AFTR2d 944, 66-1 USTC par. 9455 (6th Cir. 1966); Fisher v. Commissioner, 23 T.C. 218 (1954) (purchase and laundering of formal clothing expenses of professional musician allowed under

Cohan), affd. 230 F.2d 79 (7th Cir. 1956).  The Court declines to allow any deduction for the claimed job-related expenses of socks and shoes, belts, short pants, bed linen, and food because, under section 262(a),  no deduction is allowed for personal, living, or family expenses.  These items constitute personal expenses.

With respect to the charitable contributions, section 170 allows a deduction for charitable contributions during the taxable year, if verified as provided in the regulations.  Sec. 170(a)(1).  The charitable contributions deduction is subject to certain substantiation requirements.  Sec. 170(f)(8).  No deduction is allowed for any contribution of $250 or more unless the taxpayer substantiates the contribution by a contemporaneous written acknowledgment of the contribution by the qualified donee organization.  Sec. 170(f)(8)(A).  The standards for record keeping and return requirements for deductions for charitable contributions are set forth in section 1.170A-13, Income Tax Regs.  Under the applicable provisions, a taxpayer claiming a charitable contribution deduction shall maintain for each contribution one of the following:

(i) A cancelled check.

(ii) A receipt from the donee charitable organization showing the name of the donee, the date of the contribution, and the amount of the contribution.  A letter or other communication from the donee charitable organization acknowledging receipt of a contribution and showing the date

and amount of the contribution constitutes a receipt for purposes of this paragraph (a).

(iii) In the absence of a canceled check or receipt from the donee charitable organization, other reliable written records showing the name of the donee, the date of the contribution, and the amount of the contribution.

Sec. 1.170A-13(a)(1)(i)-(iii), Income Tax Regs. The reliability of the written records described "is to be determined on the basis of all of the facts and circumstances of a particular case." Sec. 1.170A-13(a)(2)(i), Income Tax Regs.

Petitioner did not present any canceled checks or credit card receipts with respect to his 2001 charitable contributions, and he had no record of the amount of his contribution to the Salvation Army. However, he did produce letters from Antioch Baptist Church and Understanding for Life Ministries acknowledging contributions by petitioner of $3,735 and $4,466, respectively, in 2001. These contributions total $8,201, and exceed the $6,045 claimed on petitioner's return.[5] Petitioner asked to have his contributions and evidence considered to the fullest extent possible. The Court is satisfied with the credibility of petitioner's testimony as verified by his documentation under the cited legal standards and, therefore, allows a charitable contribution deduction of $8,201 for the year at issue.

---

[5] Petitioner attributed the error to filing his tax return in haste; he did not file an amended return.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered under Rule 155.